MARION I. QUESENBERY, SBN 072308
R. JASON READ, SBN 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile:  (949) 752-0953
E-mail: marion@rjlaw.com
E-mail: jason@rjlaw.com

Attorneys for Plaintiffs
Fresh Start Advantage, Inc. and
Fresh Kist Produce, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH START ADVANTAGE, INC., a corporation; FRESH KIST PRODUCE, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN D. TAMAGNI, an individual, and ROBERT ELLIOTT, an individual,<br><br>Defendants. | CASE NO.  C 08-03697 JSW<br><br>**COMPLAINT**<br>**FOR BREACH OF FIDUCIARY DUTY UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT [7 U.S.C. §499e(c)]** |

Plaintiffs Fresh Start Advantage, Inc. ("Fresh Start") and Fresh Kist Produce, LLC ("Fresh Kist") complain and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this case pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), and pursuant to 28

COMPLAINT – Page 1

U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

2. Plaintiff Fresh Start is and was during all times relevant a corporation with its principal place of business located in Salinas, California.

3. Plaintiff Fresh Kist is and was during all times relevant a limited liability company with its principal place of business located in Salinas, California.

4. Plaintiffs are informed, believe and thereon allege that Defendant John D. Tamagni ("Tamagni") is an individual who, during all times material, was an officer, director, shareholder, and/or member of Premium Fresh Farms, LLC, who maintains a residence and/or principal place of business in Salinas, California.

5. Plaintiffs are informed, believe and thereon allege that Defendant Robert Elliott ("Elliott") is an individual who, during all times material, was an officer, director, shareholder and/or member of Premium Fresh Farms, LLC and who maintains a residence and/or principal place of business in Salinas, California.

6. Plaintiffs are informed, believe and thereon allege that Tamagni and Elliott are and were at all times relevant responsible for the daily management and control of Premium Fresh Farms, LLC, statutory trustees under PACA, and in positions to control the PACA trust assets of Premium Fresh Farms, LLC.

## II.

## **INTRADISTRICT ASSIGNMENT**

7. This action arose in Salinas, California.  Plaintiffs are informed and believe that all Defendants reside in or have their principal places of business in Salinas, California.  Plaintiffs allege in this Complaint that Defendants owe Plaintiffs $1,042,757.02, plus interest and attorneys' fees, for perishable agricultural commodities

COMPLAINT – Page 2

that Plaintiffs sold and shipped to Premium Fresh Farms, LLC in Salinas, California, pursuant to the contracts of sale between Plaintiffs and Premium Fresh Farms, LLC. These contracts were entered into in Salinas, California.

### III.

### FIRST CAUSE OF ACTION

**(Breach of Fiduciary Duty Under PACA)**
*Against All Defendants*

8. Plaintiffs reallege and incorporate by reference paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth in this paragraph.

9. Between on or about August 21, 2006 and September 19, 2006, in a series of transactions, Fresh Start sold and shipped perishable agricultural commodities to Premium Fresh Farms, LLC. Although Premium Fresh Farms, LLC agreed to pay Fresh Start in full for this fresh produce within 10 days, it has failed to do so, and $249,469.27, plus interest is still outstanding and past due.

10. Between on or about September 2, 2006 and January 10, 2007, in a series of transactions, Fresh Kist sold and shipped perishable agricultural commodities to Premium Fresh Farms, LLC. Although Premium Fresh Farms, LLC agreed to pay Fresh Kist in full for this fresh produce within 10 days, it has failed to do so, and $793,287.75, plus interest, is still outstanding and past due.

11. At all times relevant Premium Fresh Farms, LLC was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer subject to the provisions of the PACA, operating under PACA license number 20050019.

12. Plaintiffs at all times relevant were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA, 7 U.S.C. §499a(4), and were properly licensed by the United States Department of Agriculture.

13. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce and in wholesale and jobbing quantities as defined by PACA.

14. Pursuant to 7 U.S.C. § 499e(c)(1)-(4) of PACA, upon receipt of the produce sold by Plaintiffs to Premium Fresh Farms, LLC, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on all of Premium Fresh Farms, LLC's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

15. Pursuant to the statutory trust provisions of PACA [7 U.S.C. § 499e(c)(1)-(4)], Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and fulfilled all duties required to preserve their trust benefits in the cumulative past due and unpaid amount of $1,042,757.02, plus interest, as separately set forth above, for the perishable agricultural commodities sold to Premium Fresh Farms, LLC.

16. At or about the date of each transaction described above, Plaintiffs forwarded to Premium Fresh Farms, LLC invoices for the transactions setting forth in detail the amounts owed by Premium Fresh Farms, LLC for its purchase of the commodities. All of these invoices contained written provisions providing for recovery of attorney's fees incurred to collect the sums due and for a finance charge on delinquent accounts at the rate of 1.5% per month (18% annually).

COMPLAINT – Page 4

17. On February 7, 2007, judgment was entered against Premium Fresh Farms, LLC in favor of Plaintiffs Fresh Kist and Fresh Start by the United States District Court, Northern District of California, in which the Court stated that Plaintiffs Fresh Kist and Fresh Start are PACA trust beneficiaries of Premium Fresh Farms, LLC in regard to the perishable agricultural commodities sold to Premium Fresh Farms, LLC by Plaintiffs Fresh Kist and Fresh Start, as stated above in paragraphs 9 and 10 of this Complaint, and that Plaintiffs are entitled to 18% post-judgment interest and attorneys' fees based on their contract with Premium Fresh Farms, LLC.

18. As of August 1, 2008, Premium Fresh Farms, LLC owes a cumulative sum of $1,042,757.02 to Plaintiffs, plus interest at the rate of 18% per year from August 1, 2008, and attorneys' fees incurred in the collection of this past due debt PACA trust debt.

19. Plaintiffs are informed and believe that Defendants, and each of them, are statutory trustees under PACA by virtue of their status as owners, officers, directors, members, and/or shareholders of Premium Fresh Farms, LLC, and because they were and/or are in positions to control Premium Fresh Farms, LLC's PACA trust assets.

20. As statutory trustees, the PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs by Premium Fresh Farms, LLC. Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of PACA's trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets.

COMPLAINT – Page 5

21.     Plaintiffs are informed and believe and upon that basis allege that during all times relevant, Defendants transferred or diverted the trust assets and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Premium Fresh Farms, LLC's sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duty under the PACA to preserve the trust assets for the benefit of Plaintiffs.  [7 C.F.R. § 46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural commodities and on any receivables or proceeds from the sale of such commodities or products, which have been transferred to secured or unsecured creditors.

22.     As trustees of Premium Fresh Farms, LLC's PACA trust assets, Defendants have and had a fiduciary duty to insure that Plaintiffs are promptly paid for the perishable agricultural commodities that they sold to Premium Fresh Farms, LLC, a duty that they have breached and failed to fulfill.

23.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Defendants Tamagni and Elliott are personally liable for the PACA trust debt still unpaid by Premium Fresh Farms, LLC in the cumulative sum of $1,042,757.02, plus interest at the rate of 18% per year from August 1, 2008, and attorneys' fees.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants John D. Tamagni and Robert Elliott, jointly and severally, as follows:

A.     For damages in the cumulative amount of $1,042,757.02;

B.     For interest and/or finance charges at the rate of 18% per year;

COMPLAINT – Page 6

1  C. For reasonable attorney's fees and costs of suit; and,

2  D. For such other and further relief as the Court may deem just and proper.

3                                        RYNN & JANOWSKY, LLP

5  Date: August 4, 2008        By:    /s/
                                         Marion I. Quesenbery
6                                          Attorneys for Plaintiffs

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953